UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HONORABLE JANE A. RESTANI

NORCA ENGINEERED PRODUCTS,

*Plaintiff,*

    v.

UNITED STATES,

*Defendant.*

PUBLIC VERSION

Court No. 21-305

## JUDGMENT ORDER

    Upon consideration of plaintiff Norca Engineered Products' motion for summary judgment, and upon consideration of all other papers and proceedings had herein, it is hereby

    ORDERED that plaintiff's motion for summary judgment is granted; and it is further

    ORDERED that Plaintiff is entitled to judgment that the subject merchandise is properly classifiable in subheading 8431.49.9095, HTSUS and subheading 9903.88.14; and it is further

    ORDERED that Defendant reliquidate the entries covered by this action with a refund of all duties overpaid, plus interest, as provided by law.


Dated: _____          _____
       New York, New York                          JANE A. RESTANI, JUDGE

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HONORABLE JANE A. RESTANI

| | |
|---|---|
| NORCA ENGINEERED PRODUCTS,<br><br>                              *Plaintiff,*<br>      v.<br><br>UNITED STATES,<br>                              *Defendant.* | PUBLIC VERSION<br><br>Court No. 21-305 |

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Pursuant to United States Court of International Trade Rule 56, Plaintiff Norca

Engineered Products respectfully moves this Court for an Order granting Plaintiff's motion

for summary judgment by finding that the merchandise at issue in this litigation is classifiable

under subheading 8431.49.9095, HTSUS and is further classifiable under subheading

9903.88.14, HTSUS, and thus excluded from the 25% *ad valorem* duty on certain products

from China.

The bases for Plaintiff's motion are set forth in the attached memorandum, the Rule

56.3 statement of material facts, and the exhibits submitted with this motion.

WHEREFORE, Plaintiff respectfully requests that an Order be entered granting

Plaintiff's motion for summary judgment and granting Plaintiff such other and further relief

as may be just and appropriate.

Dated: November 3, 2022

                                        Respectfully submitted,

                                        /s/ Jeremy W. Dutra
                                        Jeremy W. Dutra
                                        SQUIRE PATTON BOGGS (US) LLP
                                        2550 M Street, NW
                                        Washington, DC 20037
                                        T 202.457.6000
                                        jeremy.dutra@squirepb.com

                                        *Counsel to Plaintiff*
                                        *Norca Engineered Products*

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HONORABLE JANE A. RESTANI

| | |
|---|---|
| NORCA ENGINEERED PRODUCTS, <br><br>              *Plaintiff,* <br>    v. <br><br> UNITED STATES, <br>              *Defendant.* | <u>PUBLIC VERSION</u> <br><br> Court No. 21-305 |

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Jeremy W. Dutra
SQUIRE PATTON BOGGS (US) LLP
2550 M Street, NW
Washington, DC 20037
(202) 457-6000
jeremy.dutra@squirepb.com

*Counsel to Plaintiff
Norca Engineered Products*

November 3, 2022

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii

WORD COUNT CERTIFICATE OF COMPLIANCE .............................................. iii

STATEMENT OF THE ISSUES...................................................................... 1

STATEMENT OF FACTS ............................................................................. 1

ARGUMENT .............................................................................................. 5

I.      Standard of Review ....................................................................... 5

II.     The counterweights are properly classified in subheading 8431.49.9095, HTSUS
        instead of subheading 8431.49.9044, HTSUS. ........................................ 6

        A.      There is a distinction between backhoes and excavators such that parts
                for a "excavator" cannot be classified under statistical reporting number
                8431.49.9044, HTSUS. ......................................................... 6

        B.      CBP's classification of the counterweights under statistical reporting
                number 8431.49.9044, HTSUS, instead of subheading 8431.49.9095,
                HTSUS, is inconsistent with recent CBP rulings.............................. 8

III.    Even accepting CBP's incorrect classification, CBP's liquidation of certain
        subject entries to include the China 301 Tariff was improper as CBP failed to
        apply the appropriate exclusion. ............................................................ 9

CONCLUSION........................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ............................................................. 5
*Bausch & Lomb, Inc. v. United States*, 148 F.3d 1363 (Fed. Cir. 1998) ................................. 5
*Carl Zeiss, Inc. v. United States*, 195 F.3d 1375 (Fed. Cir. 1999)............................................ 7
*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ........................................................................ 5
*Franklin v. United States*, 289 F.3d 753 (Fed. Cir. 2002) ........................................................ 6
*Marubeni Am. Corp. v. United States*, 35 F.3d 530 (Fed. Cir. 1994) ...................................... 7
*Rocknel Fastener, Inc. v. United States*, 267 F.3d 1354 (Fed. Cir. 2001) ................................ 7

**Statutes and Rules**

19 U.S.C. § 1624(c)(2)................................................................................................................. 9
USCIT R. 56(c) ........................................................................................................................... 5

## WORD COUNT CERTIFICATE OF COMPLIANCE

This brief has been prepared utilizing Microsoft Word with 12-point Times New Roman font.  In accordance with the Chambers Procedures of the United States Court of International Trade, the undersigned certifies that this brief complies with the word limitations set forth in the Chambers Procedures.  Specifically, excluding those exempted portions of the brief, as set forth in 2B(1) of the Chambers Procedures, undersigned certifies that this brief contains 2,511 words.  In accordance with the Chambers Procedures, this certified word count is based on the word count feature in the word processing system (Microsoft Word) used to prepare this brief.

Date: November 3, 2022

Respectfully submitted,

*/s/ Jeremy W. Dutra*
Jeremy W. Dutra

*Counsel to Plaintiff*
*Norca Engineered Products*

Plaintiff, Norca Engineered Products, respectfully submits this memorandum in support of its motion for summary judgment.  For the reasons established below, the Court should grant summary judgment in favor of Norca because there is no genuine issue of material fact and Norca is entitled to judgment as a matter of law.

## STATEMENT OF THE ISSUES

1.      Whether, as a matter of law, the imported merchandise is properly classifiable in subheading 8431.49.9095 of the Harmonized Tariff Schedule of the United States (HTSUS), as "Parts suitable for use solely or principally with the machinery of headings 8425 to 8430; Of machinery of heading 8426, 8429 or 8430; Other; Other; Other; Other; Other; Other; Other."

2.      Whether, as a matter of law, the imported merchandise is properly classifiable in subheading 9903.88.14, HTSUS as qualifying for the 301 Tariff exclusion granted by the United States Trade Representative under paragraph (90) to Note 20(q) to subchapter III of chapter 99, HTSUS as "Counterweight castings of iron or steel designed for use on excavators and wheel loaders (described in statistical reporting number 8431.49.9095)."

3.      Whether, assuming the imported merchandise is classifiable in subheading 8431.49.9044, HTSUS, as a matter of law, the merchandise is properly classifiable in subheading 9903.88.11, HTSUS as qualifying for the 301 Tariff exclusion granted by the USTR under paragraph 43 to Note 20(n) to subchapter III of chapter 99, HTSUS as "Backhoe counterweights each weighing more than 400 kg but not more than 600 kg (described in statistical reporting number 8431.49.9044)."

## STATEMENT OF FACTS

The subject merchandise is grey cast iron counterweights of various weights imported from China.  (Plaintiff's Statement of Material Facts as to Which There Are No Genuine Issues to Be Tried ("SOF") 1.)  The counterweights are installed on different models of the

1

Doosan Bobcat mini or compact excavators.  (SOF 2.)  These models include the Bobcat E32, E35, E42, E45, E50, E60, E85, and E88.  (SOF 3.)

The counterweights, as shown in the below example, attach to the lower aft portion of the machine to balance the weight and prevent the excavator from tipping over.



(SOF 4.)

The following table provides a cross-reference of the counterweight part number (as identified on the entry documents) and weight (in pounds and in kilograms).

| Counterweight Part No. | Weight (lb) | Weight (kg)* |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |



| | | | | ]
|---|---|---|---|
| *Note: 1 lb = 0.4535924 kg* | | | |

(SOF 5.)

On [                ], Plaintiff [                    ] from CBP in connection with Entry

No. [          ]130-3, notifying Plaintiff [                              ]

(SOF 6.)  On [                ], CBP [

].  (SOF 7.)

The duty rate applicable to 8431.49.9044, HTSUS is identical to that for

8431.49.9095, HTSUS: Free.  (SOF 8.)  CBP's classification of the counterweights Plaintiff

imported, however, impacts whether the merchandise is subject to an additional duty

applicable to certain products from China.

On June 18, 2018, USTR, following an investigation under Section 301 of the Trade

Act of 1974, imposed a 25 percent *ad valorem* duty on certain products of China.  (SOF 9.)

Subject to the 301 Tariff that USTR imposed under heading 9903.88.01 ("List 1") were all

products of China classified in the subheadings enumerated in U.S. note 20(b).  (SOF 10.)

List 1 specifically included subheading 8431.49.90.  (SOF 11.)

Following the 301 Tariff action, USTR granted exclusions to the List 1 tariffs.  (SOF

12.)  On September 20, 2019, USTR added subheading 9903.88.14, USTR, which excluded

from the List 1 tariffs "Articles the product of China, as provided for in U.S. note 20(q) to

this subchapter, each covered by an exclusion granted by the U.S. Trade Representative."

(SOF 13.)  Paragraph (90) to U.S. note 20(q) excludes "Counterweight castings of iron or

steel designed for use on excavators and wheel loaders (described in statistical reporting

number 8431.49.9095)."  (SOF 14.)

CBP liquidated Entry No. [          ]130-3 on [             ] under statistical reporting number 8431.49.9044, HTSUS and under subheading 9903.88.01.  (SOF 15.)  On December 11, 2019, Plaintiff timely protested CBP's classifications and liquidation (Protest No. 3901-19-104467).  (SOF 16.)  Between December 11, 2019, and December 22, 2020, Plaintiff timely filed fifteen protests against CBP's classification and liquidation of entries of counterweights (collectively, the "Protests").  (SOF 17.)

In the Protests, Plaintiff argued to CBP that the counterweights are properly classified under 8431.49.9095, HTSUS.  (SOF 18.)  Plaintiff further argued that the merchandise should be classified under 9903.88.14—and thus not subject to the List 1 301 Tariff—as the counterweights satisfy the 301 Tariff exclusion for "Counterweight castings of iron or steel designed for use on excavators and wheel loaders (described in statistical reporting number 8431.49.9095)."  (SOF 19.)

CBP denied the Protests on January 4, 2021 and January 12, 2021 based solely on Customs Ruling HQ H308870 PF ("Ruling").  (SOF 20.)  In its Ruling, Customs held the counterweights "are classified under . . . and specifically described by statistical reporting number 8431.49.9044, HTSUS."  (SOF 21.)  Customs further held that the counterweights fall outside the scope of U.S. Note 20(q)(90) under subheading 9903.88.14, HTSUS—*i.e.*, "Counterweight castings of iron or steel designed for use on excavators and wheel loaders (described in statistical reporting number 8431.49.9095)"—"because they are not described by statistical reporting number 8431.49.9095, HTSUS."  (SOF 22.)  Customs directed classification of the counterweights under subheading 9903.88.01, HTSUS, thus rendering them subject to the additional 25 percent *ad valorem* duty assessment under the Section 301 Trade Remedy.  (SOF 23.)

On March 30, 2021, Plaintiff filed a request with CBP asking that CBP void its denial of the protests under 19 U.S.C. § 1515(d).  (SOF 24.)  In its request, Plaintiff argued that even

if CBP continued classifying the subject counterweights under 8431.49.9044, HTSUS, CBP

nevertheless should vacate the denials, in part, based on the Note 20(n)(43) exclusion from

the 301 Tariff that USTR granted.  (SOF 25.)  CBP denied Plaintiff's request to vacate on

April 5, 2021.  (SOF 26.)

      Plaintiff timely filed its Summons commencing this action.  (SOF 27.)

ARGUMENT

## I.   Standard of Review

      On a motion for summary judgment, the Court determines whether there are any

genuine factual disputes that are material to the resolution of the action.  *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 249 (1986).  The Court determines if there is a genuine issue as to

any material fact by considering the "pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any . . ."  *Celotex Corp. v. Catrett*, 477 U.S.

317, 323 (1986).  A dispute is genuine only if the evidence is such that a reasonable jury

could return a verdict for the non-moving party.  *Anderson*, 477 U.S. at 248.  Summary

judgment is appropriate if "there is no genuine issue as to any material fact" and "the movant

is entitled to judgment as a matter of law.  USCIT R. 56(c).

      Classification consists of a two-step analysis--first, construing the relevant tariff

headings, then second, determining under which of those headings the merchandise at issue is

properly classified.  *Bausch & Lomb, Inc. v. United States*, 148 F.3d 1363, 1365 (Fed. Cir.

1998).  Determining the proper meaning of the relevant tariff headings is a question of law,

while application of the terms to the particular merchandise is a question of fact.  *Id.*

Summary judgment in a classification case is especially appropriate "where there is no

genuine dispute as to the underlying factual issue of exactly what the merchandise is."  *Id.*

When the nature of the merchandise is undisputed, "the classification issue collapses entirely

5

into a question of law and the court reviews Customs' classification decision de novo."

*Franklin v. United States*, 289 F.3d 753, 757 (Fed. Cir. 2002).

Here, there are no genuine disputes over material facts for purposes of granting

Plaintiff's motion and this case is ripe for summary judgment.

II.     **The counterweights are properly classified in subheading 8431.49.9095, HTSUS instead of subheading 8431.49.9044, HTSUS.**

    A.     **There is a distinction between backhoes and excavators such that parts for a "excavator" cannot be classified under statistical reporting number 8431.49.9044, HTSUS.**

The counterweights Plaintiff imports are installed on different models of the Doosan

Bobcat mini or compact excavators.  (SOF 2, 3.)  Such excavators come under heading 8429,

HTSUS, which covers "Self-propelled bulldozers, angledozers, graders, levelers, scrapers,

mechanical shovels, excavators, shovel loaders, tamping machines and road rollers."  (SOF

28.)  As such, there is no dispute that the counterweights Norca imported are properly

classified under Heading 8431 HTSUS, which covers "Parts suitable for use solely or

principally with the machinery of headings 8425 to 8430."  (SOF 29.  Nor is there dispute

that the counterweights are properly classified in subheading 8431.49.90, which covers "Parts

suitable for use solely or principally with the machinery of headings 8425 to 8430: Of

machinery of heading 8426, 8429 or 8430: Other: Other: Other."  (SOF 30.)

The present dispute instead revolves around classification of the counterweights under

the ten-digit statistical suffixes.  (SOF 31.)  CBP contends that the appropriate statistical

reporting number is 8431.49.9044, which covers "Parts suitable for use solely or principally

with the machinery of headings 8425 to 8430: Of machinery of heading 8426, 8429 or 8430:

Other: Other: Other: Parts of backhoes, shovels, clamshells and draglines: Other: Other."

(SOF 32.)  This statistical reporting number, however, is limited to "backhoes, shovels,

clamshells and draglines," it does not include "excavators."  (Ex. 1.)

HTSUS terms must be "construed according to their common and commercial meanings, which are presumed to be the same." *Carl Zeiss, Inc. v. United States*, 195 F.3d 1375, 1379 (Fed. Cir. 1999); *see also Marubeni Am. Corp. v. United States*, 35 F.3d 530, 533 (Fed. Cir. 1994) (HTSUS terms are to be "construed [according] to their common and popular meaning").   In construing the common meaning of the terms of the tariff, when such terms have not been defined, "a court may consult dictionaries, scientific authorities, and other reliable information sources and lexicographic and other materials." *Rocknel Fastener, Inc. v. United States*, 267 F.3d 1354, 1356-57 (Fed. Cir. 2001).

Commercially—and in common parlance—there is a distinction between an "excavator" and a "backhoe" such that the term "backhoe" as used in statistical reporting number 8431.49.9044, HTSUS, does not include "mini excavators."  (SOF 34.)  This distinction between a backhoe and excavator is borne out in the marketing literature of heavy machine manufacturers—*e.g.*, Caterpillar, CASE Construction Equipment, and John Deere—and United Rentals, a nationwide renter of industrial and construction equipment.  (SOF 35.) In each instance, participants in the heavy equipment industry distinguish backhoes and excavators as distinct equipment.  (Ex. 13; Ex. 14; Ex. 15; Ex. 16.)  The unrebutted testimony in this proceeding, moreover, confirms that there is a commercial understanding and usage distinguishing between "excavators" and "backhoes."  (Ex. 8 (Walters Tr.) at 12:2-13:17, 23:11-25, 24:9-25:11.)

CBP must read HTSUS terms in view of the common and commercial meaning.  *Carl Zeiss*, 195 F.3d at 1379.  Given the distinction between excavators and backhoes, it was improper for CBP to classify parts for use on a mini excavator as parts for use on a backhoe, and thus was improper for CBP to classify the counterweights under 8431.49.9044, HTSUS instead of under 8431.49.9095.

**B.**    **CBP's classification of the counterweights under statistical reporting number 8431.49.9044, HTSUS, instead of subheading 8431.49.9095, HTSUS, is inconsistent with recent CBP rulings.**

In April 2019, Mitchell Industrial Tire Co. sought a classification ruling on "rubber tracks used to propel machines such as excavators, loaders, crawlers, pavers, trenchers and other excavating machines." (SOF 37.) On May 10, 2019, CBP ruled that the appropriate statistical reporting number for the rubber tracks is 8431.49.9095, HTSUS. (SOF 38.) In other words, CBP agreed that parts for an excavator should be classified under subheading 8431.49.9095, HTSUS. This treatment of parts for excavators is consistent with CBP's Ruling N301699, in which it determined that a "Splined Front Idler Assembly used on a shovel loader," which "consists of three major pieces, the blocks, a shaft and a roller body," and is used "to maintain the tension in the track shoes while the shovel is moving" is properly classifiable under statistical reporting number 8431.49.9095, HTSUS. (SOF 36.)

In its 2019 ruling, CBP also determined that the rubber tracks for excavators were eligible for an exclusion from the China 301 Tariff granted by USTR under Note 20(i)(17) ("Vulcanized rubber tracks, each incorporating cords and cleats of steel, designed for use on construction equipment (described in statistical reporting number 8431.49.9095)"). (SOF 39.) Dominion Equipment Parts, LLC had sought and obtained the exclusion. (SOF 40.) According to the Dominion Equipment website, it sells vulcanized rubber tracks for the same Bobcat mini excavator models to which Plaintiff's counterweights attach; namely, Models E32, E35, and E45. (SOF 41.)

It is incongruous for CBP to classify rubber tracks for Bobcat mini excavators under 8431.49.9095, HTSUS, while later classifying counterweights for those same mini excavators under 8431.49.9044, HTSUS. CBP's decision here had the effect of modifying treatment previously accorded parts for excavators, and there is nothing in the record demonstrating that CBP complied with its notice and comment obligations. CBP's classification decision

8

accordingly violates 19 U.S.C. § 1625(c)(2), which prevents CBP from issuing a decision that would "have the effect of modifying the treatment previously accorded by the Customs Service to substantially identical transactions" without complying with notice and comment procedures.  19 U.S.C. § 1625(c)(2).

*       *       *

Consistent with the commercial understanding of excavators and backhoes, combined with CBP's previous rulings, the subject counterweights are properly classifiable under subheading 8431.49.9095, HTSUS.  As such, they also are subject to the Section 301 Trade Remedy exclusion under Note 20(q)(90), which exempts from the 25% *ad valorem* duty "Counterweight castings of iron or steel designed for use on excavators and wheel loaders (described in statistical reporting number 8431.49.9095)."  84 Fed. Reg. 49564 at 49574.

### III.    Even accepting CBP's incorrect classification, CBP's liquidation of certain subject entries to include the China 301 Tariff was improper as CBP failed to apply the appropriate exclusion.

Even if the Court finds the counterweights classifiable under 8431,49,9044, HTSUS, CBP nevertheless should have vacated the Protest denials, in part, based on an exclusion from the China 301 Tariffs granted by the U.S. Trade Representative for this statistical report number.  In particular, Note 20(n)(43) excludes "Backhoe counterweights each weighing more than 400 kg but not more than 600 kg (described in statistical reporting number 8431.49.9044)."  (SOF 42.)

The Protests covered numerous entries that included counterweights weighing between 400 kg and 600 kg.  (SOF 43.)  Thus, even if the Court accepts CBP's classification of the counterweights, CBP must refund the Section 301 duties CBP collected and Norca paid on the counterweights within the scope of the Note 20(n)(43) exclusion.

9

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's motion for summary judgment.

Dated: November 3, 2022

Respectfully submitted,

*/s/ Jeremy W. Dutra*
Jeremy W. Dutra
SQUIRE PATTON BOGGS (US) LLP
2550 M Street, NW
Washington, DC 20037
T 202.457.6000
F 202.457.6315
jeremy.dutra@squirepb.com