UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HONORABLE JANE A. RESTANI

| | |
|---|---|
| NORCA ENGINEERED PRODUCTS,<br><br>                     *Plaintiff,*<br>v.<br><br>UNITED STATES,<br>                     *Defendant.* | Court No. 21-305 |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Plaintiff Norca Engineered Products LLC (hereinafter "Norca" or "Plaintiff") submits this response to Defendant's memorandum in opposition to Plaintiff's motion for summary judgment and in support of Defendant's cross-motion for summary judgment.

### I. OVERVIEW

The parties are in apparent agreement regarding the following facts:

1. The subject merchandise is properly classified at the eight-digit level under 8431.49.90, HTSUS.

2. The subject counterweights are specifically designed for use in a mini-excavator like the Bobcat example that both parties identified in their respective briefs.

3. The Bobcat mini-excavator cited by the parties is classified under heading 8429.

4. The counterweights weighing more than 400 kg but not more than 600 kg are classifiable under subheading 9903.88.11, HTSUS.

The dispute regards the narrow issue of the tariff classification at the ten-digit level for certain counterweights for excavators.

## II. ARGUMENT

**A.     Defendant intentionally blurs the differences between excavators and backhoes.**

Defendant spills much ink constructing lexicographic arguments to obfuscate the distinctions between an excavator and a backhoe.  Defendant relies on isolated marketing statements as conclusive evidence that there is no consistent industry understanding regarding the two types of construction vehicles.  In short, Defendant stretches the definition of "excavate" (verb), not to describe a function, but instead to suggest that both excavators (noun) and backhoes (noun) are identical vehicles.  This does not support Defendant's classification determination.

Defendant improperly dismisses the uncontroverted testimony from Mr. Scott Walters, Plaintiff's Director of Technical Sales, regarding his knowledge about the industry's definition of what constitutes an "excavator" and a "backhoe."  As Mr. Walters testified, within the industry, the term "backhoe" refers to a distinct type of vehicle, which is different from an excavator.  Defendant has not offered any similarly authoritative source to rebut Mr. Walters.

Defendant challenges Mr. Walters's background, asserting he lacks the ability to opine on the industry's distinction between an excavator and a backhoe.  However, this issue is not so complex that it is inaccessible to a layperson, requiring some specialized knowledge or a careful study of dictionaries or academic journals to unlock the distinction between excavators and backhoes.  Despite Defendant's downplaying of Mr. Walters's experience, he testified about his experience in the industry that underlies his ability to describe the industry understanding of construction equipment.  Further underscoring Mr. Walters' competence is the fact that major construction manufacturers such as John Deere, Case, and Caterpillar, along with major equipment rental company, United, consistently distinguish between excavators and backhoes as distinct machines.  To further underscore the accessibility of the differences between excavators and

backhoes, even children learn the differences between the two types of vehicles.[1]  This Court should reject Defendant's attempts to overcomplicate this issue.

**B.     Customs ignored applicable precedent, rendering its decision regarding the classification of Plaintiff's counterweights arbitrary and capricious.**

Any shared functionality between an excavator and backhoe does not mean that all excavators are backhoes.  Even the supposed examples cited by Defendant, which refer to a backhoe as a "type" of excavator, underscore that Defendant's argument proves too much. (*See* ECF No. 23 at 19)   Even if one assumes that a backhoe is a type of excavator, it does not follow that all excavators are backhoes, as Defendant suggests.  Therefore, it cannot be the case that parts exclusively designed for an excavator necessarily are classified as parts for backhoes.

Such a conclusion that parts for an excavator (not a backhoe) are classified under 8431.49.9095, HTSUS, is consistent with US Customs and Border Protection's ("CBP") Ruling N301699 and Ruling N304078.  As previously noted, CBP determined that certain parts for excavators are classified under 8431.49.9095, HTSUS.  CBP tries to dismiss the applicability of these Rulings because the excavator parts at issue were not identical counterweights.  However, this ignores the language of the relevant tariff headings.  Tariff classification 8431.49.9095 is a broad category, which covers "Parts suitable for use solely or principally with the machinery of headings 8425 to 8430: Of machinery of heading 8426, 8429, or 8430: Other: Other: Other: Other: Other: Other."  If words are to have any meaning, then CBP cannot credibly claim that, in one instance, parts for an excavator (not a backhoe) are classified under 8431.49.9095, HTSUS, and in

---

[1] See  *Blippi Excavator Song!*, Youtube, (Dec. 10, 2020) available at: https://www.youtube.com/watch?v=EHkvNhm4H8I; see also *The Blippi Backhoe Video*, Youtube (Mar. 2, 2018) available at: https://www.youtube.com/watch?v=Q0QrhOEOAyc.

another instance, different parts for an identical excavator are classified under 8431.49.9044, HTSUS. Such a determination exposes CBP's arbitrary and capricious reasoning.[2]

CBP's argument for why Norca's counterweights are classified under 8431.49.9044 rather than 8431.49.9095 boils down to whether an excavator is really a backhoe for tariff classification purposes. Even assuming CBP's argument, however, does not explain why different parts designed exclusively for an excavator should be classified under 8431.49.9044 in one instance and 8431.49.9095 in another. Parts are parts. If one set of parts for excavators (not backhoes) are classified under 8431.49.9095, logic dictates that another set of parts serving a different function on that same excavator still should be classified under the same tariff classification.

### III. CONCLUSION

For the reasons outlined in this reply and in Plaintiff's original supporting brief, this Court should grant Plaintiff's motion for summary judgment, and deny Defendant's cross-motion for summary judgment.

Date: March 29, 2023

/s/ Jeremy W. Dutra
Jeremy W. Dutra
jeremy.dutra@squirepb.com

Christopher D. Clark
christopher.clark@squirepb.com

SQUIRE PATTON BOGGS (US) LLP
2550 M Street, NW
Washington, D.C. 20037
Telephone: (202) 457-6000

---

[2] Defendant addresses 19 U.S.C. § 1625(c)(2), and the accompanying regulations, in its cross-motion based on Norca having referenced the statutory provision in its motion for summary judgment. The crux of Norca's argument, however, is that CBP's protest decision under review is arbitrary and capricious in view of its prior rulings that classified parts for excavators under 8431.49.9095 instead of 8431.49.9044. Norca withdraws any argument in its motion based on 19 U.S.C. § 1625(c)(2) as Norca did not raise this as a claim in its complaint.

Facsimile: (202) 457-6315

*Counsel to Plaintiff
Norca Engineered Products*