UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  HON. JANE A. RESTANI, JUDGE

| | |
|---|---|
| NORCA ENGINEERED PRODUCTS LLC, | : |
| | : |
| Plaintiff, | : Court No. 21-00305 |
| v. | : |
| UNITED STATES, | : |
| Defendant. | : |

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND IN FURTHER SUPPORT OF DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIAL M. McCARTHY
Director

JUSTIN R. MILLER
Attorney in Charge
International Trade Field Office

AIMEE LEE
Assistant Director

EDWARD F. KENNY
Senior Trial Counsel
U.S. Department of Justice, Civil Division
Commercial Litigation Branch
International Trade Field Office
26 Federal Plaza, Room 346
New York, New York 10278
(212) 264-0480 or 9230
Attorneys for Defendant

Of Counsel:
Mathias Rabinovitch, Esq.
Office of the Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................. 1

BACKGROUND .............................................................................................................. 2

ARGUMENT .................................................................................................................... 4

I.   THE SUBJECT MERCHANDISE IS CORRECTLY REPORTED IN THE TEN DIGIT STATISTICAL REPORTING NUMBER 8431.49.9044, HTSUSA STANDARD OF REVIEW ............................................................................................................. 4

II.  CUSTOMS RULINGS ARE NOT PRECEDENTIAL IN THIS PROCEEDING AND THE SCOPE OF REVIEW HERE IS THE RECORD MADE BEFORE THIS COURT ............................................................................................................. 9

III. NORCA APPROPRIATELY WITHDRAWS ITS UNSUPPORTED TREATMENT CLAIM ............................................................................................................. 10

IV.  THE PARTIES AGREE THAT BACKHOE COUNTERWEIGHTS WEIGHING MORE THAN 400 KG BUT LESS THAN 600 KG ARE ELIGIBLE FOR THE EXCLUSION IN U.S. NOTE 20(N)(43) ............................................................................................................. 10

CONCLUSION ................................................................................................................ 10

## TABLE OF AUTHORITIES

**Cases**

*Bausch & Lomb, Inc. v. United States*,
   148 F.3d 1363 (Fed. Cir. 1998) ........................................................................... 4

*Carl Zeiss, Inc. v. United States*,
   195 F.3d 1375 (Fed. Cir. 1999) ........................................................................ 4, 5

*Group Italglass U.S.A., Inc. v. United States*,
   798 F. Supp. 729 (Ct. Int'l Trade 1992) ............................................................. 9

*Pomeroy Collection, Ltd. v. United States*,
   559 F. Supp. 2d 1374 (Ct. Int'l Trade 2008) ...................................................... 4

*Rohm & Haas Co. v. United States*,
   727 F.2d 1095 (Fed. Cir. 1984) ........................................................................... 7

*Structural Indus., Inc. Inc. v. United States*,
  356 F.3d 1366 (Fed.Cir. 2004)................................................................................ 9

*Timber Products Co. v. United States*,
  462 F. Supp. 2d 1342 (Ct. Int'l Trade 2006) ............................................................ 7

*United States v. Mead Corp.*,
  533 U.S. 218, (2001),................................................................................................ 9

**<u>Harmonized Tariff Schedule of the United States</u>**

General Rule of Interpretation 1 ....................................................................................... 4

  Chapter 84

    Heading 8429

      Subheading 8429.52.10............................................................................... 5, 6, 7, 8

    Heading 8431

      Subheading 8431.49.90..................................................................................... 1, 8

      Subheading 8431.49.9044....................................................................... 1, 4, 8, 10

      Subheading 8431.49.9095..................................................................................... 2

  Chapter 99

    Heading 9903

      Subheading 9903.88.11 ................................................................................. 10,12

U.S. Note 20(n)(43) ................................................................................................ 10,11,12

**<u>Statutes</u>**

28 U.S.C. § 1581(a)  ........................................................................................................  9

19 U.S.C. § 1625(c)(2).................................................................................................. 9, 10

**<u>Rules</u>**

USCIT Rule 56 ................................................................................................................ 10

USCIT Rule 56(c) ............................................................................................................ 10

**Regulations**

19 C.F.R. § 177.12(c) ............................................................................................................ 9

**Other Authorities**

*Collins English Dictionary* - Complete and Unabridged, 12th Edition 2014 ...................... 6

*Webster's New World Dictionary*, Third College Edition (1988) ................................... 5,6

CBP Ruling HQ H308870 ............................................................................................ 5,6,8,10

CBP Ruling N301699 ........................................................................................................ 9

CBP Ruling N304078 ........................................................................................................ 9

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  HON. JANE A. RESTANI, JUDGE

| | |
|---|---|
| NORCA ENGINEERED PRODUCTS LLC, | : |
| Plaintiff, | : Court No. 21-00305 |
| v. | : |
| UNITED STATES, | : |
| Defendant. | : |

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND IN FURTHER SUPPORT OF DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Defendant, the United States (the Government), submits this reply memorandum in opposition to plaintiff's, Norca Engineered Products (Norca), motion for summary judgment and in further support of our cross-motion for summary judgment.

**INTRODUCTION**

As more fully set forth in our opening brief, this action involves the statistical reporting number at the 10-digit level of the Annotated Harmonized Tariff Schedule of the United States (HTSUSA) and the resulting assessment of Section 301 duties on Norca's imported counterweights, which are installed on different models of the Doosan Bobcat mini excavator.[1]  The parties agree that the merchandise is classified at the 8-digit level under 8431.49.90, HTSUS.  Pl. Reply Br. at 1.  The only question in this case is whether the counterweights are described by statistical reporting number 8431.49.9044,

---

[1] Please note that there is a typo on line 13 of page 4 of the Government's cross-motion brief (Docket No. 23).  On that line there is a reference to heading "8529" which should have stated heading "8429."

HTSUSA, which provides for "Parts suitable for use solely or principally with the machinery of headings 8425 to 8430; Of machinery of heading 8426, 8429 or 8430; Other; Other; Other, **Parts of backhoes, shovels, clamshells, and draglines**; Other; Other" (emphasis added), as advanced by U.S. Customs and Border Protection (CBP or Customs), or described by statistical reporting number 8431.49.9095, HTSUSA, which provides for "Parts suitable for use solely or principally with the machinery of headings 8424 to 8430; Of machinery of heading 8426, 8429 or 8430; **Other; Other; Other, Other; Other; Other, Other**" (emphasis added), advanced by Norca.  As demonstrated in our moving papers and below, the counterweights are parts of backhoes.

## BACKGROUND

Based on the Government's statement of undisputed material facts (Defendant's SUMF) filed on January 23, 2023, which Norca as a whole has not contested[2] (Defendant's SUMF, Docket No. 23 at page 44 of 101), as well as certain facts from Plaintiff's statement of uncontested material facts (Plaintiff's SUMF) that the Government has admitted (Govt's Resp. to Pltf's SUMF, Docket No. 23 at page 47 of 101), the following facts are uncontroverted:

The twenty-five counterweight models at issue have the following unique Bobcat

---

[2] A party that seeks to contest a movant's United States Court of International Trade (USCIT) Rule 56.3 statement of undisputed material facts, must set forth its own separate number paragraphs, contesting the movant's undisputed facts and setting forth admissible evidence supporting such opposition.  *See* USCIT Rule 56.3 (b) and (c).  Norca in its opposition papers to the Government's cross-motion filed on March 23, 2023, did not respond to the defendant's statement of undisputed material facts.  *See* Docket No. 27.  The Court may therefore consider the Governments facts as "undisputed for purposes of the motion," and may "grant summary judgment if the motion and supporting materials," including the undisputed facts, "show that the movant is entitled to it." *See United States v. International Trading Services, LLC*, 222 F.Supp.3d 1325, 1329 (Ct. Int'l Trade, 2017).

2

Part Numbers: 7171788, 7172448, 7172453, 7183302, 7222067, 7222068, 7228249, 7240291, 7251831, 7251832, 7251833, 7284786, 7286644, 7302559, 7307032, 7330614, 7331809, 7331812, 7331815, 7343686, 7353363, 7354316, 7357073, 7415671, 7415674. *See* Stmt. No. 1, Defendant's SUMF, Docket No. 23.

Six of the twenty-five counterweight models have weights between 400 kilograms and 600 kilograms, namely Part Numbers 7172448, 7228249, 7251832, 7331809, 7354316 and 7415671. *See* Stmt. No. 2, Defendant's SUMF, Docket No. 23.

The subject counterweights are imported from China. *See* P-1 and US-1 from Govt's Resp. to Pltf's SUMF, Docket No. 23 at page 47 of 101.

The twenty-five counterweight models are designed for and exclusively used on certain models of Bobcat mini excavators. *See* Stmt. No. 3, Defendant's SUMF, Docket No. 23

The Bobcat mini excavators for which the counterweights at issue are a part, are equipped with a boom, arm (stick), digging bucket, and a tracked crawler base upon which the superstructure rotates in a 360-degree arc. *See* Stmt. No. 4, Defendant's SUMF, Docket No. 23.

The Bobcat mini excavators for which the counterweights at issue are a part, dig by drawing the bucket toward the machines' superstructure. *See* Stmt. No. 5, Defendant's SUMF, Docket No. 23.

For the reasons in our opening brief and below, summary judgment is appropriate here. The physical attributes and function of both the counterweights at issue and the excavators onto which the counterweights are designed to be installed, are not in dispute and classification is a legal question for the Court to determine.

**ARGUMENT**

I.   **THE SUBJECT MERCHANDISE IS CORRECTLY REPORTED IN THE TEN DIGIT STATISTICAL REPORTING NUMBER 8431.49.9044, HTSUSA**

Norca complains that the Government "spills much ink" in constructing lexicographic arguments that "obfuscate the distinctions between an excavator and a backhoe." Pl. Reply Br. at 2. However, we do not obfuscate but rather seek to define the meaning of tariff terms, a classification methodology which is based on well-settled customs law. *Carl Zeiss, Inc. v. United States*, 195 F.3d 1375, 1379 (Fed. Cir. 1999). Norca, itself, agrees with this methodology as it stated in its moving brief, "Classification consists of a two-step analysis – first, construing the relevant tariff headings, then second, determining under which of those headings the merchandise at issue is properly classified. *Bausch & Lomb, Inc. v. United States*, 148 F.3d 1363, 1365 (Fed. Cir. 1998)." *See* Pl. Moving Brief at 5-6.

As we explained in our moving papers, General Rule of Interpretation (GRI) 1,[3] calls for classification "'according to the terms of the headings and any relative section or chapter notes and, provided such headings or notes do not otherwise require, according to the following [GRIs 2 through 6].'" *The Pomeroy Collection, Ltd. v. United States*, 559 F. Supp. 2d 1374, 1385 (Ct. Int'l Trade 2008) (emphasis omitted). In ascertaining the

---

[3] Classification of goods in the Nomenclature shall be governed by the following principles:
1.   The titles of Sections, Chapters and sub-Chapters are provided for ease of reference only; for legal purposes, classification shall be determined according to the terms of the headings and any relative Section or Chapter Notes and, provided such headings or Notes do not otherwise require, according to the following provisions:

*See* GRI 1, HTSUS.

4

meaning of terms, the Court may "rely upon its own understanding of the terms used" or consult lexicographic or other reliable sources to define the tariff term. *Carl Zeiss, Inc. v. United States*, 195 F.3d 1375, 1379 (Fed. Cir. 1999).

Accordingly, to determine the correct HTSUSA statistical reporting number of the counterweights at issue which are designed to be installed on certain mini excavators, we examined the common meaning of the term "backhoe" that appears in statistical reporting number 8431.49.9044. We also examined the common meaning of the terms "excavator" and "backhoe" as set forth in subheading 8429.52.10, the subheading under which the mini excavators are imported, because the article descriptions at the statistical suffix level is informed by the classification of the mini excavators, for which the counterweights are a part. *See* Pl. Ex. 4 (HQ H308870 at 4). Therefore, we performed a common meaning analysis of these terms by consulting dictionary definitions. *Carl Zeiss*, 195 F.3d at 1379.

We noted that the common meaning of the tariff term "excavator" is stated in the *Webster's New World Dictionary*, *Third College Edition* (1988) as: "A person or device, such as a steam shovel, that excavates." *See* Def. (Cross-Motion) Ex. 1. The definition of "excavate" is stated in the *Webster's New World Dictionary, Third College Edition* (1988) as: "1. To make a cavity or hole in; dig out. 2. To form (a tunnel, for example) by such hollowing out; dig. 3. To remove (soil) by digging or scooping out. 4. To expose or uncover by digging." *See* Def. (Cross-Motion) Ex. 1. The common meaning of "backhoe," a tariff term used in both heading 8429 and in the statistical suffix for heading 8431, is stated in the *Webster's New World Dictionary, Third College Edition* (1988) as: "1. a power-driven excavating vehicle with a hinged bucket at the end of a long jointed arm: it digs by drawing the bucket toward the power unit. 2. the digging mechanism of

this vehicle." *See* Def. (Cross-Motion) Ex. 2.  As noted, *Webster's New World Dictionary* defines a backhoe as both an excavating vehicle and the mechanism by which the vehicle performs the digging.  *The Collins English Dictionary – Complete and Unabridged, 12th Edition* 2014 similarly defines "backhoe" as "1. (Civil Engineering) a mechanical excavator with an extension consisting of a bucket on an extending arm, which can be used to scoop up earth as it is drawn back towards the machine."  *See* Def (Cross-Motion) Ex. 3.  According to the definitions cited above, an excavator is a machine that is used for digging or scooping soil, and a backhoe is a type of excavating machine that utilizes a jointed arm and bucket that digs by drawing the bucket backward toward the machine.

Based on the cited dictionary definitions of the terms "excavators" and "backhoes," the Bobcat mini excavators are a type of excavator that fit the common meaning of the term "backhoe," as they are designed to scoop soil and other material by using a boom and arm to draw a bucket towards a machine with a 360-degree revolving superstructure.  The Bobcat machine is thus classified under subheading 8429.52.10 as a type of excavator that is a backhoe, (Pl. Ex. 4 (HQ H308870 at 4)) and the counterweights at issue, therefore, are described in the statistical reporting number 8431.49.9044 as parts of backhoes.

Norca agrees that the determination of the proper meaning of the tariff terms at issue is necessary for determining the proper ten-digit reporting number at issue (Pl.'s Moving Br. at 5-6); however, Norca has not set forth any of its own dictionary or lexicographic sources for the definition of "excavator" or "backhoe" in either its moving brief, (Docket No. 19) or its reply brief (Docket No. 27).  Instead, Norca complains that

6

the Government "stretches the definition of 'excavate' (verb), not to describe a function, but instead to suggest that both excavators (noun) and backhoes (noun) are identical vehicles." *See id*. To the contrary, our analysis comprises a fair reading of the applicable definitions. We did not state that an excavator and a backhoe are identical vehicles, but that the definitions show that the term excavator also encompasses a type of digging vehicle which uses a boom and arm to draw a bucket towards the machine's superstructure, *i.e.*, a backhoe.

Norca also claims in its reply brief that the Government "improperly dismisses the uncontroverted testimony from Mr. Scott Walters, Plaintiff's Director of Technical Sales, regarding his knowledge about the industry's definition of what constitutes an 'excavator' and a 'backhoe.'" *See* Pl. Reply Br. at 2. However, Norca seemingly offers Mr. Walters to provide a commercial designation of the terms "excavator" and "backhoe" which are different and more restrictive than the definitions in a common meaning analysis. The common and commercial meaning are presumed to be the same and the party who argues that a tariff term should not be given its common or dictionary meaning must prove that it has a different commercial meaning that is definite, uniform, and general throughout the trade. *See Rohm & Haas Co. v. United States*, 727 F.2d 1095, 1097 (Fed. Cir. 1984). Mr. Walters proposes that the terms "excavator" and "backhoe" can only refer to two separate machines, and therefore the two words – despite their use together to describe merchandise of subheading 8429.52.10 cannot be reconciled to refer to one type of digging machine, *i.e.*, a backhoe-excavator. But Mr. Walters testimony is deficient for the purposes of establishing a commercial designation as it fails to provide a basis for proving that the proffered designation is general (extending over the entire

7

country), definite (certain of understanding), and uniform (the same everywhere in the country).  *See Timber Products Co. v. United States*, 462 F.Supp.2d 1342, 1352 (Ct. Int'l Trade 2006).  Mr. Walters testimony is not uncontroverted as shown by the industry webpages we offered in support of our cross motion.  *See, e.g.*, Def. (Cross-Motion) Ex. 4 Kilgore Track Hoe webpage ("https://www.kilgorecompanies.com/operating-a-track-hoe/" last visited by undersigned counsel and printed from the internet on Jan. 11, 2023) (Kilgore webpage depicts construction vehicle and stating, "A track hoe, also known as a backhoe, is a type of excavator.").  *See also* Def. (Cross-Motion) Ex 8 (Excerpt of book from ScienceDirect website, "https://www.sciencedirect.com/topics/engineering/excavators" last visited by undersigned counsel and printed from the internet on Jan. 16, 2023) (Section 5.6 entitled "Excavators," describes excavators and states that excavators are also known as backhoes.).  Finally, as noted above, Doosan Bobcat North America, Norca's customer for the counterweights at issue, agrees that the Bobcat mini excavators it imports are classifiable under subheading 8429.52.10, HTSUS.  *See* Pl. Ex. 4 (HQ H308870 at 4); Pl. Ex. 10 at 531 of 598 (NEP_00080).  In other words, Doosan classifies its Bobcat mini excavators contrary to Mr. Walters' understanding of "excavator" and "backhoe".

      In sum, the counterweights are a part of backhoes.  The mini excavators are classifiable under subheading 8429.52.10 as "excavators . . . Machinery with a 360 [degree] revolving superstructure: Backhoes," and in keeping with a consistent and proper interpretation of the tariff, the counterweights at issue would therefore fall within subheading 8431.49.90 as "parts" of these machines, making the applicable statistical suffix 8431.49.90**44**, which provides for "Parts of backhoes[.]"

**II.     CUSTOMS RULINGS ARE NOT PRECEDENTIAL IN THIS PROCEEDING AND REVIEW IS *DE NOVO* ON THE RECORD MADE BEFORE THIS COURT**

Norca argues that Customs ignored "applicable precedent" and that the agency's underlying decision therefore was "arbitrary and capricious." *See* Pl. Reply Br. at 3. Norca is incorrect on both points.

First, the standard of review for this 28 U.S.C. § 1581(a) action is *de novo* and not arbitrary and capricious. As such, this case does not involve review based upon the administrative record but rather on the record made before this Court. *See Group Italglass U.S.A., Inc. v. United States,* 798 F. Supp. 729, 730 (Ct. Int'l Trade 1992); 28 U.S.C. § 2640(a)(1). Consequently, the Court should look to the record made in this case, and our logical classification analysis based on GRI 1 utilizing dictionary definitions and supporting exhibits.

Second, the "precedent" Norca refers to are two CBP rulings N301699 and N304078. Pl. Reply Br. at 3. However, Customs classification rulings are not precedential. Rulings may only be persuasive depending upon "the writers' thoroughness, logic, and expertness, [the ruling's] fit with prior interpretations, and any other sources of weight." *United States v. Mead Corp*., 533 U.S. 218, 235 (2001).

While the reasoning of the underlying ruling is logical, we did not request deference for Customs' underlying ruling here, and further, the rulings cited by Norca are inapposite because they involve dissimilar groups of products or circumstances. The Court noted with regard to Customs rulings in an essential character classification case that "prior rulings with respect to similar but non-identical items are ... of little value in assessing the correctness of the classification of a similar but non-identical item."

*Structural Indus., Inc. v. United States*, 356 F.3d 1366, 1371 (Fed. Cir. 2004).

Accordingly, the rulings do not control the outcome and are not precedential in this section 1581(a) case.

### III. NORCA APPROPRIATELY WITHDRAWS ITS UNSUPPORTED TREATMENT CLAIM

Norca previously claimed that "CBP's decision here [the underlying Headquarters Ruling H308870] had the effect of modifying treatment previously accorded parts for excavators, and there is nothing in the record demonstrating that CBP complied with its notice and comment obligations" and that "CBP's classification decision accordingly violates 19 U.S.C. § 1625(c)(2)." Pl. Moving Br. at 8–9. In our cross-motion brief, we set forth that plaintiff's treatment claim was meritless as it was 1) raised for the first time in its motion papers, and 2) was completely unsupported and not in accord with statutory or regulatory requisites including 19 C.F.R. § 177.12(c). Govt Cross-Motion Br. at 9, 23-30. In its reply to the Government's cross-motion, Norca has withdrawn its treatment claim, stating "Norca withdraws any argument in its motion based on 19 U.S.C. § 1625(c)(2) as Norca did not raise this as a claim in its complaint." *See* Pl. Reply Br. at 4 n. 2. Accordingly, Norca's treatment claim is withdrawn.

### IV. THE PARTIES AGREE THAT THE BACKHOE COUNTERWEIGHTS WEIGHING MORE THAN 400 KG BUT LESS THAN 600 KG ARE ELIGIBLE FOR THE EXCLUSION IN U.S. NOTE 20(N)(43)

We agree that certain of Norca's backhoe counterweights qualify for a refund of Section 301 duties. Specifically, the portion of the merchandise at issue that weighs more than 400 kg but not more than 600 kg is classifiable under subheading 9903.88.11, HTSUS, and qualifies for the exclusion for backhoe counterweights set forth in Note

10

20(n)(43) for "[b]ackhoe counterweights each weighing more than 400 kg but not more than 600 kg (described in statistical reporting number 8431.49.9044)." Based upon the evidence produced during discovery in this case, we agree that the following models of backhoe counterweights meet the weight criteria of U.S. Note 20(n)(43): 7172448, 7228249, 7251832, 7331809, 7354316 and 7415671. Norca has not contested the Government's material fact that these six models out of the 25 models at issue, weigh more than 400 kg but not more than 600 kg qualify for U.S. Note 20(n)(43).[4] As such, the parties agree that Section 301 duties on these six models should be refunded.

---

[4] Plaintiff's agreement is based upon its non-response to Stmt. No. 2, Defendant's SUMF, Docket No. 23. *See also* FN 2 above.

**CONCLUSION**

For the above reasons, and those set forth in our cross-motion for summary judgment, we respectfully request that this Court enter an Order (1) denying plaintiff's motion for summary judgment; (2) granting our cross-motion for summary judgment finding that the merchandise at issue is properly reported under the ten-digit statistical reporting number 8431.49.9044, HTSUS, and for the portion of the merchandise at issue that weighs more than 400 kg but not more than 600 kg, that merchandise is also classifiable under subheading 9903.88.11, HTSUS and qualifies for the exclusion set forth in Note 20(n)(43); and (3) dismissing this action in its entirety.

    Respectfully submitted,

    BRIAN M. BOYNTON
    Principal Deputy Assistant Attorney General

    PATRICIA M. McCARTHY
    Director

    JUSTIN R. MILLER
    Attorney-In-Charge
    International Trade Field Office

    /s/ Aimee Lee
    AIMEE LEE
    Assistant Director

    /s/ Edward F. Kenny
    EDWARD F. KENNY

Of Counsel     Senior Trial Counsel
Mathias Rabinovitch, Esq.     Civil Division, Dept. of Justice
*Office of the Assistant Chief Counsel*     Commercial Litigation Branch
International Trade Litigation     26 Federal Plaza, Room 346
U.S. Customs and Border Protection     New York, New York 10278
    Tel. No. (212) 264-9230 or 0480
Dated: April 28, 2023     Attorneys for Defendant

**CERTIFICATE OF COMPLIANCE**

    I, Edward F. Kenny, a Senior Trial Counsel in the Office of the Assistant Attorney General, Civil Division, Commercial Litigation Brach, International Trade Field Office, who is responsible for the Government's reply memorandum in opposition to plaintiff's motion for summary judgment and in support of defendant's cross-motion for summary judgment, dated April 28, 2023, relying upon the word count feature of the word processing program used to prepare the memorandum, certify that this memorandum complies with the word count limitation under the Court's chambers procedures, and contains 2,771 words.

                                                                          /s/ Edward F. Kenny