Slip Op. 23-108

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| NORCA ENGINEERED PRODUCTS, LLC,<br><br>                    Plaintiff<br>          v.<br>UNITED STATES,<br><br>                    Defendant | Before: Jane A. Restani, Judge<br><br>Court No. 21-00305 |

**OPINION**

[In a Customs classification matter, Plaintiff's motion for summary judgment is granted in part and denied in part, and Defendant's motion for summary judgment is granted.]

Dated: July 21, 2023

Christopher Clark, Squire Patton Boggs (US) LLP of Washington, DC, argued for Plaintiff, Norca Engineered Products, LLC. With him on the brief was Jeremy W. Dutra.

Edward F. Kenny, Senior Trial Counsel, U.S. Department of Justice, International Trade Field Office, argued for the Defendant, the United States of America. With him on the brief were Brian M. Boyton, Principal Deputy Assistant Attorney General, Patricia M. McCarthy, Director, Justin R. Miller, Attorney-In-Charge, and Aimee Lee, Assistant Director, U.S. Department of Justice, International Trade Field Office. Of counsel on the brief was Mathias Rabinovitch, Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection.

Restani, Judge: Before the court are cross motions for summary judgment. Pl. Mot. for Summ. J., ECF Nos. 19–20 (Nov. 3, 2022) ("Pl. Br."); Def. Mem. in Supp. of Cross-Mot. for Summ. J. and Opp'n to Pl.'s Mot. for Summ. J. Submission Materials, ECF No. 23 (Jan. 23, 2023) ("Def. Materials"). Plaintiff Norca Engineered Products ("Norca") challenges the United States Customs and Border Protection's ("Customs") classification of cast iron counterweights for self-propelled mini or compact excavators under subheading 8431.49.9044 of the Harmonized Tariff Schedule of the United States ("HTSUS"). At issue is whether the machine

of which the counterweights are a part should be classified as an "excavator: other" or as a "backhoe" for tariff purposes. See Pl. Br. at 1. The outcome determines whether all subject merchandise is properly classified under 9903.88.14, HTSUS, thus qualifying the merchandise for an exclusion via Notes of Product Exclusions: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation,[1] under the Section 301 provisions of the Trade Act of 1974, 19 U.S.C. § 2411. Pl. Br. at 1; 19 U.S.C. § 2411. Originally at issue in this matter also was whether the counterweights weighing between 400 kg and 600 kg, even if determined to be parts of backhoes, qualify for an exclusion under 85 Fed. Reg. 9921. Pl. Br. at 1; Notes of Product Exclusions: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation, 85 Fed. Reg. 9921 (Office of the United States Trade Representative ("USTR") Feb. 2, 2020). The parties agree that the exclusion applies, and the court will not discuss it further.

    I.    **Background**

  A. **Procedural History**

The subject merchandise at issue entered the United States in the ports of Seattle and Chicago in 2018 and 2019. See Pl. Statement of Material Facts ¶ 17, ECF. Nos. 19-1, 20-1 (Nov. 3, 2022) ("Pl. Facts") ¶ 43; Conf. Ex. in Supp. of Pl. Br., ECF No. 19-2, (Nov. 2, 2022) ("Pl. Conf.") Ex. 2; Pl. Conf. Ex. 3; Pl. Conf. Ex. 11. Upon entry it was classified under 8709.90.00, HTSUS as parts of certain self-propelled work trucks. See Pl. Conf. Ex. 4 at 95, 127, 159, 198, 236, 270, 280, 336, 374. Norca protested this classification, arguing that the proper classification for the merchandise was 8431.49.9095, HTSUS. See Pl. Conf. Ex. 4 at 95, 127, 159, 198, 236, 270, 280, 336, 374. In a Notice of Action relating to the protest, Customs stated that the merchandise should have been classified under 8431.49.90, HTSUS, reasoning

---

[1] 85 Fed. Reg. 9921 (Feb. 20, 2020).

that "the mini-excavators [on which] the counterweights are installed [] seem to be of the type provided for under HTS 8429," referenced in heading 8431.  Pl. Conf. Ex. 2 at 21.  On June 4, 2019, the Customs import specialist determined that the appropriate HTSUS classification for the merchandise was 8431.49.9044, relying on Customs Ruling NY K83392, and holding that 8431.49.9040 covers certain parts of the self-propelled mini excavator at issue there.  Id. at 19.

Between December 11, 2019, and December 22, 2020, Norca timely submitted fifteen protests.  See Pl. Conf. Ex. 2, 3; Pl. Facts ¶ 17; Def. Materials at 51.  In the protests, Norca continued to assert its position that the proper classification for the counterweights was 8431.49.9095, HTSUS.  See Pl. Conf. Ex. 2, 3; Pl. Facts ¶ 18; Def. Materials at 51.  Customs denied these protests, ruling that the appropriate heading was 8431.49.9044, again relying on ruling NY K83392 as well as previously issued rulings NY K82122, NY J87356, NY E81922. Pl. Conf. Ex. 4 at 425–430.  None of these previous rulings addressed counterweight parts.  Id. After receiving the denials, Norca filed a complaint challenging the Customs classification.  See Compl., ECF No. 7 (Sept. 23, 2021).  Norca later moved for summary judgment.  See Pl. Br. Customs filed a cross motion for summary judgment.  See Def. Materials.

B. Description of Subject Merchandise

The subject merchandise is grey, cast-iron counterweights of various weights imported from China.  Pl. Facts ¶ 1; Def. Materials at 47.  The counterweights are installed on different models of the Doosan Bobcat mini or compact excavators.  Pl. Facts ¶ 2; Def. Materials at 47. The counterweights attach to the lower aft portion of the machine to provide balance and prevent the excavator from tipping over.  Pl. Facts ¶ 4; Def. Materials at 48.  There are twenty-five counterweights at issue, part numbers 7171788, 7172448, 7172453, 7183302, 7222067, 7222068, 7228249, 7240291, 7251831, 7251832, 7251833, 7284786, 7286644, 7302559,

7307032, 7330614, 7331809, 7331812, 7331815, 7343686, 7353363, 7354316, 7357073, 7415671, 7415674.  Pl. Facts ¶ 5; Def. Materials at 48.

   II.   **Jurisdiction and Standard of Review**

The court has jurisdiction pursuant to Section 201 of the Customs Courts Act of 1980, 28 U.S.C. § 1581(a).  The court decides classification de novo.  Continental Automotive Systems, Inc., v. United States, 46 CIT __, __ 589 F. Supp. 3d 1215, 1220 (2022); see also 28 U.S.C. § 2640(a)(1); Telebrands Corp. v. United States, 36 CIT 1231, 1234, 865 F. Supp. 2d 1277, 1279–80 (2012).

The court will grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  USCIT R. 56(a).  Summary judgment is appropriate in tariff classification cases where "there is no genuine dispute as to the nature of the merchandise and the classification turns on the proper meaning and scope of the relevant tariff provisions."  Deckers Outdoor Corp. v. United States, 714 F.3d 1363, 1371 (Fed. Cir. 2013).

   III.  **Discussion**

   A. **Legal Framework**

In a tariff classification dispute, "the court first considers whether 'the government's classification is correct, both independently and in comparison with the importer's alternative.'" Shamrock Building Materials, Inc., v. United States, 47 CIT __, __, 619 F. Supp. 3d 1337, 1342 (2023) (quoting Jarvis Clark Co. v. United States, 733 F.2d 873, 878 (Fed. Cir. 1984)).  The plaintiff has the burden of demonstrating that the government's classification is incorrect.  Jarvis Clark, 733 F.2d at 876.  Independent of the arguments presented, the court has a statutory mandate to "reach a correct result."  Id. at 878; see 28 U.S.C. § 2643(b).

The court determines the meaning of the tariff term as a matter of law and whether the subject merchandise is properly defined by that term as a question of fact. <u>Wilton Industries, Inc. v. United States</u>, 741 F.3d 1263, 1266 (Fed. Cir. 2013). Here the issue is a legal one. The General Rules of Interpretation ("GRIs") and, if applicable, the Additional U.S. Rules of Interpretation, guide classification decisions under the HTSUS. <u>Id.</u> GRIs are to be considered in numerical order, and "GRI 1 is paramount." <u>Telebrands</u>, 36 CIT at 1235, F. Supp. 2d at 1280.

**B. Competing Tariff Provisions**

Customs classified the counterweights under subheading 8431.49.9044, HTSUS. The relevant portions of Chapter 84 of the HTSUS read:

| | |
|---|---|
| Heading 8431 | Parts suitable for use solely or principally with the machinery of headings 8425 to 8430:<br>    Of machinery of heading 8426, 8429 or 8430: |
| 8431.49 | Other |
| 8431.49.90 | Other:<br>    Other |
| 8431.49.9044 | Other:<br>    Parts of backhoes, shovels, clamshells and draglines:<br>        Other:<br>            Other |

Norca contends that the counterweights should enter under subheading 8431.49.9095. The relevant portions read:

| | |
|---|---|
| Heading 8431 | Parts suitable for use solely or principally with the machinery of headings 8425 to 8430:<br>    Of machinery of heading 8426, 8429 or 8430: |
| 8431.49 | Other |
| 8431.49.90 | Other:<br>    Other |

        8431.49.9095        Other:
                                        Other:
                                                      Other:
                                                                       Other

As shown, both classifications heavily rely on what the subject merchandise is not classified as, rather than what it is. In fact, the only disputed issue for the court is whether the equipment of which the counterweights are parts are backhoes in the meaning of the HTSUS or not. Further, while the last two digits at the ten-digit level for parts are not part of the legal text, it is the eight-digit legal text relating to the finished machinery that is determinative here. It will control which ten-digit classification for the counterweights applies.[2]

### C. Tariff Classification of Cast Iron Counterweights

Even though the government and Norca agree on the first eight digits of the HTSUS for parts, the court must determine whether the classification is correct through the ten-digit level as that controls whether section 301 duties are imposed. Pl. Br. at 6; Def. Materials at 11.

The court starts with GRI 1. The subject merchandise consists of cast-iron counterweights which are parts of machines. Here, as indicated, the classification of the machine is key to determining the proper classification of the part, as part classification headings define themselves according to the machine or other finished product for which they are used. Both parties agree that the subject merchandise consists of parts of self-propelled machines, each of which has a boom, arm, digging bucket, grader blade, and tracked crawler base upon which the superstructure rotates in a 360° arc. Def. Materials at 23; Pl. Pub. Ex. 4 at 2–4. This machine is best described under the heading of "self-propelled bulldozers, angledozers, graders, levelers,

---

[2] The statistical suffix, the last two numbers in a ten-digit HTSUS code, are not a part of the legal text of the HTSUS and are not included in the legislative history of the HTSUS. Pillowtext Corp. v. United States, 171 F.3d 1370, 1374 (Fed. Cir. 1999) (citing Pima Western, Inc. v. United States, 20 CIT 110, 116, 915 F. Supp. 399, 404 (1996)).

scrapers, mechanical shovels, excavators, shovel loaders, tamping machines and road rollers: Mechanical shovels, excavators, and shovel loaders."[3]

Following the numerical ordering of the GRIs, the next relevant GRI is GRI 6: "[f]or legal purposes, the classification of goods in the subheadings of a heading shall be determined according to the terms of those subheadings and any related subheading notes, and mutatis mutandis, to the above rules, on the understanding that only subheadings at the same level are comparable." The relevant subheading of "Machinery with a 360° revolving superstructure" applies to the machine. Therefore, the heading and six-digit subheading for the machine in question is 8429.52, HTSUS. No party disputes this.

**1. The Common Meaning and the HTSUS Show that the Machine is a Backhoe**

The question here turns on the eight-digit subheading for the machine. Is the machine able to be classified as "[b]ackhoes, shovels, clamshells and draglines," 8429.52.10, HTSUS or as "other" than these, 8429.52.50, HTSUS? Customs argues that the machine is a backhoe and should be classified as such, within the 8429.52.10, HTSUS provision. Def. Materials at 27. Norca argues that the machine is not a backhoe, but instead a mini excavator, and should be classified within the "other" 8429.52.50, HTSUS provision. Pl. Br. at 7.

Customs contends that the machine in question is a backhoe and provides dictionary definitions to support its claim.[4] Def. Materials at 27. The court may rely upon lexicographic authorities. See Chemtall Inc. v. United States, 40 CIT __, __, 179 F. Supp. 3d 1200, 1203

---

[3] No one has argued and it would not be convincing that the "grader blade," also known as a mini dozer blade, located at the crawler or wheel level of the machine is a loading or digging device. The blade appears to be auxiliary, not a main purpose of the machine. Multipurpose analysis does not apply.

[4] Customs also argues that Norca admitted that the machine was a backhoe in the lead protest, No. 3901-19-104467. Def. Materials at 15. In this protest, Norca noted that the machines that the counterweights were affixed to "are classified [by Doosan] under the heading 8329.52.1010, HTSUS". Pl. Conf. Ex. 2 at 15. This classification does specify that the machine is a backhoe. The rest of the protest, however, specifies that the machine is not a backhoe. "Mini excavators. . . are not interchangeable with, nor properly categorized as, backhoes, shovels, clamshells, or draglines." Pl. Conf. Ex. 2 at 16. Doosan's classification does not estop Norca. Regardless, the court decides the classification de novo. Shamrock, 619 F. Supp. 3d at 878.

(2016). Customs relies on two definitions, both of which provide in general terms that a backhoe is a mechanized excavator that has a bucket and an extending arm that performs its task by drawing the bucket towards the power unit. See Backhoe, Webster's New World Dictionary (3d College ed. 1988) ("Webster's"); Backhoe, The Collins English Dictionary—Complete and Unabridged (12th ed. 2014) ("Collins English"); Def. Materials at 27. Webster's specifies that the backhoe has an "extending arm" while Collins English refers to a "long jointed arm." Backhoe, Webster's; Backhoe Collins English.

Norca contends that the commercial understandings of "mini excavator" and "backhoe" are distinct and that the subject merchandise is part of a mini excavator and not of a backhoe.[5] Pl. Br. at 7. Norca points to marketing materials from construction machine manufacturers John Deere, Caterpillar, and CASE Construction Equipment, as well as rental company United Rentals. Id. Each website separates "backhoes" from "excavators," and "mini excavators" are marketed as a type of excavator, rather than a type of backhoe. Id.

"HTSUS terms are construed according to their common and commercial meanings which are presumed to be the same absent contrary legislative intent." Len-Ron Mfg. Co., 334 F.3d 1304, 1309 (Fed. Cir. 2003); see also Chemtall, 179 F. Supp. 3d at 1203. A commercial meaning can overcome a common usage for classification in the HTSUS if the party arguing for commercial use shows that this use is general, definite, and uniform. See Timber Products Co. v. United States, 30 CIT 1632, 1643; 462 F. Supp. 2d 1342, 1351 (2006) ("In order to show that a commercial designation differs from a term's common meaning, the party invoking the

---

[5] Norca also argues that Customs' ruling is inconsistent with a previous ruling regarding rubber tracks for excavators and violates 19 U.S.C. § 1625(c)(2), which provides limitations on modification or revocation of rulings. Pl. Br. 8–9. This is not convincing. 19 U.S.C. § 1625(c)(2) refers only to "substantially identical transactions." 19 U.S.C. § 1625(c)(2) (2022). A counterweight is different from the vulcanized rubber tracks at issue in the previous ruling. Pl. Br. at 8; Def. Materials at 39. The court has also found that prior interpretive rulings are not governed by § 1625(c)(2). Motorola, Inc. v. United States, 30 CIT 1766, 1781, 462 F. Supp. 2d 1367, 1381 (2006).

Court No. 21-00305                                                                                          Page 9

Court No. 21-00305																Page 9

commercial designation must show that the commercial use is "general (extending over the entire country), definite (certain of understanding) and uniform (the same everywhere in the country)") (citing S.G.B. Steel Scaffolding & Shoring Co. v. United States, 82 Cust. Ct. 197, 206 (1979)).  A commercial meaning, however, prevails over a common meaning only if it is not "contrary to Congressional intent," that is, if the commercial meaning is consistent with the HTSUS.  Witex, U.S.A., Inc., v. United States, 28 CIT 1907, 1913, 353 F. Supp. 2d 1310, 1317 (2004) (citing Maddock v. Magone, 152 U.S. 368, 371 (1894)).  The machine at issue has an articulated arm that digs towards the vehicle, which is the dictionary definition of a backhoe.  See Backhoe, Webster's; Backhoe, Collins English; Pl. Pub. Ex. 4 at 12.  Even accepting Norca's contention that backhoes are understood by the relevant industry as machines that do not have a 360° rotation and may have a significant front-end loader or "scooper," Norca cannot overcome legislative intent.  Witex, 28 CIT at 1913, 353 F. Supp. 2d at 1317; Oral Argument at 02:30; see also Pl. Pub. Ex. 16 at 77.

At oral argument, Customs emphasized that the machine that Norca describes as meeting the "commercial" definition of backhoes is classified under a different category of the HTSUS than the one appropriate for the Doosan machine.  See Oral Argument at 24:19; see also Pl. Pub. Ex. 16.  According to Customs, the commercially understood backhoes, per Norca, are classified under 8429.59.10, as they are "mechanical shovels, excavators, and shovel loaders" that do not have a 360° rotation.  Oral Argument at 24:19.  Thus, the HTSUS provides that backhoes possibly, but not necessarily, have a 360° rotation, which would necessarily mean that a backhoe for HTSUS purposes does not have the narrow definition that Norca contends.  The HTSUS bears this out.  HTSUS 8429.51 provides for mechanical shovels, excavators, and shovel loaders but of the front-loading type.  HTSUS 8429.52 in turn covers the same basic machines (which

broadly includes excavators) but segregates the non-front-loading machines into those with and without a 360° revolving superstructure.  The broad provision for mechanical shovels, excavators and shovel loaders under 8429.52 is further broken down under 8429.52.10, HTSUS ("backhoes, shovels, clamshells and draglines").  Of those, only backhoes are a possible fit for the machine at issue.[6]  Thus, excavator is a broad term that includes backhoes.  Therefore, Norca's view of backhoes as a narrow subtype of excavators that excludes mini excavators is at odds with the structure of the HTSUS.  The court cannot accept a commercial meaning that is at odds with the HTSUS itself, especially when the common meaning reflects the statute.

The structure of the HTSUS is consistent with the common meaning found in the dictionaries Customs provides.  As previously stated, the machine at issue has an articulated arm that digs towards the vehicle, which is the dictionary definition of a backhoe.  See Backhoes, Webster's; Backhoes, Collins English; Pl. Pub. Ex. 4 at 12.  Thus, the machine in question is classified in the HTSUS as a self-propelled excavator with a 360° revolving superstructure, specifically, a backhoe.  The proper classification for the machine of which the counterweights are a part is 8429.52.1010, HTSUS.

   2.  **The Counterweight is Properly Categorized as 8431.49.9044**

There is little to dispute once the machine of which the subject merchandise is a part is defined.  The analysis for the counterweight part starts at GRI 1.  As this is a part of merchandise that has a heading of 8429, the best heading for the counterweights would be "Parts suitable for

---

[6] The parties have not given sufficient information to exclude the machine from being categorized as a shovel. The machine, however, meets the common dictionary definition for backhoe and this is sufficient for the court.  In any case, the outcome would not change the parts categorization in the HTSUS: whether the machine in question is a backhoe or a shovel, the part would be classified under 8431.49.9044.

use solely or principally with the machinery of headings 8425 to 8430: Of machinery of heading 8426, 8429, or 8430," or 8431.[7]

Heading 8431 has several possible subheadings to consider. The next subheading descriptions available are "[b]uckets, shovels, grabs, or grips," "[b]ulldozer or angledozer blades," "parts for boring or sinking machinery of subheading 8430.41 or 9430.49," and "other." As none of the more specific subheadings apply here, "other" is the relevant term. Under this subheading there are only two options: "[o]f machinery of heading 8426" and "other." The counterweights are a part of a machine that is of heading 8429. "Other" applies. The subheading applicable to the counterweights is 8431.49.90, HTSUS.

The next categories are "[a]ttachments for mounting on machinery," and "other." A counterweight is not an attachment; it is a part of the machine. See Pl. Facts ¶ 4. Under this "other" provision are three possible options: "[p]arts of coal or rock cutters and tunneling machinery," "[p]arts of backhoes, shovels, clamshells and draglines," and "[o]ther." As previously established, the mini excavator at issue is a backhoe. Under this provision are two possibilities: "cast axle housings" and "other." "Other" again applies. This classification has three further categories, "road wheels," "wheel and tire assemblies," and "other." A counterweight is not a wheel nor part of a tire assembly. Therefore, the correct classification for the counterweights is 8431.49.9044, HTSUS.

## CONCLUSION

For the foregoing reasons, the court grants Customs' motion for summary judgment, and denies in part and grants in part Norca's motion for summary judgment, holding that the

---

[7] The Section XVI Notes set out that "parts of machines. . . are to be classified according to the following rules (b) other parts, if suitable for use solely or principally with a particular kind of machine . . . are to be classified with the machines of that kind or in heading . . . 8431." HTSUS § XVI Notes 2; see also Explanatory Notes § XVI §II PARTS (§ Note 2).

government properly classified the subject merchandise under subheading 8431.49.9044, HTSUS, and that the counterweights weighing between 400 kg and 600 kg are excluded via 85 Fed. Reg. 9921, regarding section 301 of the Trade Act of 1974 19 U.S.C. § 2411. Judgment will be entered accordingly.

                                                     /s/ Jane A. Restani
                                                     Jane A. Restani, Judge

Dated: July 21, 2023
       New York, New York